IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ADAM ARMSTRONG,<br>    Plaintiff,<br><br>v.<br><br>BRYAN HUTCHESON, DANIEL L.<br>CONLEY, BRADLEY SMITH, THOMAS<br>JAMES, and KRISTY MARIE ROADCAP,<br>    Defendants. | Civil Action No. 5:19-cv-00040<br><br>By: Elizabeth K. Dillon<br>    United States District Court Judge |

**MEMORANDUM OPINION**

Before the court are plaintiff's unopposed motions for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Dkt. No. 126) and to stay this case pending appeal if the Rule 54(b) motion is granted (Dkt. No. 128). For the reasons stated below, both motions will be granted.

I. BACKGROUND

On September 30, 2021, the court issued an opinion and order granting the motion for summary judgment filed by defendants Bryan Hutcheson, Daniel Conley, Bradley Smith, and Thomas James. (Dkt. Nos. 117, 118.) The court also granted in part and denied in part plaintiff's partial motion for summary judgment against defendant Kristy Marie Roadcap. (*Id.*) Thus, some of plaintiff's claims against Roadcap remain pending, but there are no claims pending against the other defendants. Trial is scheduled to commence between Armstrong and Roadcap in February 2022.

Between the date Hutcheson, Conley, Smith, and James moved for summary judgment and the date the court issued its opinion and order granting their motion for summary judgment, the parties stipulated to the dismissal of James as a defendant and count VII (common law

conspiracy) against all parties. (Dkt. No. 104.) Plaintiff therefore cannot appeal the dismissal of his claims against James or the dismissal of his conspiracy claim.[1] Plaintiff seeks the entry of final judgment against defendants Hutcheson, Conley, and Smith.

## II. ANALYSIS

### A. Rule 54(b) Certification

Rule 54(b) provides that when an action presents more than one claim for relief, or when multiple parties are involved, the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification is a two-step process.

First, the court must determine whether the judgment is final. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 426, 436 (1956)). The court's order granting summary judgment disposes of all of plaintiff's claims for relief against Hutcheson, Conley, and Smith. *See Digital Privacy, Inc. v. RSA Sec., Inc.*, 199 F. Supp. 2d 457, 460 (E.D. Va. 2002) (stating that judgment is final because it grants summary judgment). Therefore, the court concludes that the court's September 30, 2021 order is a final judgment.

Second, the court must determine whether there is no just reason for delay in the entry of judgment. *Lott v. Scottsdale Ins. Co.*, 827 F. Supp. 2d 626, 640 n.24 (E.D. Va. 2011) (citing *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331 (4th Cir. 1993)). Courts examine the relationship between the adjudicated and unadjudicated claims; the possibility that the need for

---

[1] The court did not account for this stipulation in its opinion and order addressing the summary judgment motions.

review might or might not be mooted by future developments in the district court; the possibility that the reviewing court might be obliged to consider the same issue a second time; the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense. *Braswell Shipyards*, 2 F.3d at 1335–36.

Because Hutcheson, Conley, and Smith are no longer parties to this case, it is not possible that the need for appellate review of plaintiff's claims against them will be mooted by future developments in the district court. Further, an immediate appeal coupled with the agreed-upon stay of plaintiff's remaining claims against Roadcap promotes judicial economy by eliminating the possibility of two trials instead of one. If there were a future appeal based on any of the remaining claims in this case, such an appeal would not be duplicative of an appeal of the grant of summary judgment in favor of Hutcheson, Conley, and Smith. Finally, there are no counterclaims that could result in a set-off—indeed there is no monetary judgment at all. Therefore, the court finds that there are no just reasons for delay and will certify the September 30, 2021 order as a final judgment.

**B. Motion to Stay**

Given the court's determination that there is no just reason for delay in appealing the court's September 30, 2021 final judgment, the court will grant the unopposed motion for a stay.

## III.  CONCLUSION

Based on the foregoing, the court will grant plaintiff's unopposed motions for the entry of judgment and for a stay.  The court will issue an appropriate order.

Entered: January 11, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge